UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENSION TRUST FUND FOR OPERATING ENGINEERS, Individually and on Behalf of All Others Similarly Situated,<br><br>                            Plaintiff,<br><br>         v.<br><br>DEVRY EDUCATION GROUP, INC., DANIEL HAMBURGER, RICHARD M. GUNST, PATRICK J. UNZICKER, AND TIMOTHY J. WIGGINS,<br><br>                            Defendants. | Case No. 1:16-CV-05198<br><br>Hon. Mary M. Rowland |

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

WHEREAS, as of August 29, 2019, Lead Plaintiff Utah Retirement Systems ("URS" or "Lead Plaintiff"), on behalf of itself and all other members of the proposed Settlement Class (defined below), on the one hand, and Adtalem Global Education Inc. f/k/a DeVry Education Group, Inc. ("Adtalem," the "Company," or "DeVry"), Daniel Hamburger, Richard M. Gunst, Patrick J. Unzicker, and Timothy J. Wiggins (collectively, the "Defendants"), on the other, entered into a Stipulation of Settlement (the "Settlement Agreement") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Third Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on January 29, 2018, on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Settlement Agreement and the accompanying exhibits; and

WHEREAS, the Parties to the Settlement Agreement have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 5th day of September, 2019 that:

1. The Court has reviewed the Settlement Agreement and preliminarily finds, pursuant to Fed. R. Civ. P. 23(e)(1), that the proposed Settlement falls within the range of reasonableness and that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Final Approval Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for the purposes of the Settlement only, the Settlement Class of: all persons and entities who purchased or otherwise acquired DeVry Education Group, Inc. publicly traded common stock and/or exchange-traded call options (and/or sold exchange-traded put options on such common stock) during the period from August 26, 2011 through January 27, 2016, inclusive, (the "Settlement Class Period") and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) the Company's affiliates and subsidiaries, including the Company's employee retirement and/or benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (iii) the officers and directors of the Company and its subsidiaries and affiliates during the Settlement Class Period; (iv) members of the immediate family of any excluded person; (v) any entity in which any

excluded person or entity has or had a controlling interest; and (vi) the heirs, successors, and assigns of any excluded person or entity. Settlement Class Members who properly exclude themselves from the Settlement Class by submitting a valid and timely Request for Exclusion in accordance with the requirements set forth below and in the Notice will also be excluded.

    3.    The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

    (a)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

    (b)    there are questions of law and fact common to the Settlement Class Members;

    (c)    the claims of Lead Plaintiff are typical of the Settlement Class's claims;

    (d)    Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

    (e)    the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

    (f)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant

interest among Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Utah Retirement Systems is preliminarily certified as Settlement Class Representative for the Settlement Class. The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class and Wexler Wallace LLP is preliminarily appointed as Liaison Counsel for the Settlement Class.

5. A hearing (the "Final Approval Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court, at the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn, Chicago, Illinois 60604, in Courtroom 1225, on December 6, 2019, at 9:30 a.m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Judgment and Order Approving Settlement ("Judgment") as provided under the Settlement Agreement should be entered, and to determine whether the Releases, as set forth in the Settlement Agreement, should be provided to the Released Defendant Parties;

(c) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Settlement Class Representative for the Settlement Class; whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class; and whether Wexler Wallace LLP should be finally appointed as Liaison Counsel for the Settlement Class;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e) to consider Lead Counsel's application for an award of Attorneys' Fees and Expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it will approve the proposed Plan of Allocation or award attorneys' fees and/or expenses. The Court may also adjourn the Final Approval Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

7. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8. The Court approves the retention of KCC LLC ("KCC") as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) calendar days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. Adtalem, to the

extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, transfer records in electronic searchable form containing the names and addresses of purchasers of DeVry Equity Securities during the Settlement Class Period no later than seven (7) calendar days after entry of this Preliminary Approval Order.

        9.      The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired DeVry Equity Securities during the Settlement Class Period as record owners but not as beneficial owners.

        (a)      Such nominees SHALL EITHER: (i) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all such beneficial owners; or (ii) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners.

        (b)      Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.

        (c)      Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

(d) Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in connection with complying with the above requirements by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. The Claims Administrator shall, if requested, reimburse nominees out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such Notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

10. Lead Counsel shall, at or before the Final Approval Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

11. The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Final Approval Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, are reasonably

calculated to apprise Settlement Class Members of the pendency of the Action and their rights, and shall constitute due, adequate and sufficient notice to all persons and entities entitled thereto.

13. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Settlement Agreement, each claimant shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, in the manner indicated in the Notice, no later than seven (7) calendar days before the Final Approval Hearing. Such deadline may be extended by Court order or by Lead Counsel in its discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Proof of Claim submitted in any other manner, including online using the website established for the Settlement, shall be deemed to have been submitted when it was actually received by the Claims Administrator. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Lead Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b) The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed by the Settlement Agreement: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting

documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

      (c)    As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.    Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.    Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the Claims Administrator at the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing. Such Request for Exclusion must state the name, address, e-mail, and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *Pension Trust*

9

*Fund for Operating Engineers v. DeVry Education Group, et al.,* No. 16-cv-05198 (N.D. Ill.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of DeVry Equity Securities during the Settlement Class Period. The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16. Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Settlement Agreement and Notice.

17. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Final Approval Hearing, upon Lead Counsel: Carol C. Villegas, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: Philip S. Khinda, Steptoe & Johnson LLP, 1330 Connecticut Avenue, NW, Washington, DC 20036; and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 S. Dearborn, Chicago, Illinois 60604. Objections must state the name, address, e-mail, and telephone number of the Person objecting and, if represented by counsel, of his, her, or its counsel, and must be signed by the Person who is objecting. Persons who object must also provide the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases,

acquisitions, and sales of DeVry Equity Securities during the Settlement Class Period; all grounds of the objection; the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for Attorneys' Fees and Expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the Releases to be given.  Attendance at the hearing is not necessary, however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.

18. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members (who do not validly and timely request exclusion from the Settlement Class), and their respective heirs, executors, trustees, administrators, predecessors, successors, and legal representatives, in their capacities as such, and anyone who acts or purports to act on the behalf of any Settlement Class Member, are hereby preliminarily barred and enjoined from filing, commencing, prosecuting, intervening in, participating in as a class member or otherwise, or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding or Order in any jurisdiction, based on or

relating in any way to (i) the claims and causes of action in the Action, as well as any of the facts and circumstances relating thereto, and/or (ii) the Released Claims.

20. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Final Approval Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Final Approval Hearing.

21. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement is approved. No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

22. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Settlement Agreement and/or further order of the Court.

23. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for Attorney's Fees or Expenses submitted by Lead Counsel or Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

24. If the Settlement fails to become effective as defined in the Settlement Agreement or is terminated, then both the Settlement Agreement, including any amendment(s) thereof, except as expressly provided in the Settlement Agreement, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may

not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of May 22, 2019.

DATED this 5th day of September, 2019

BY THE COURT:

*Mary M Rowland*

_____
Honorable Mary M. Rowland
UNITED STATES DISTRICT JUDGE