UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENSION TRUST FUND FOR OPERATING ENGINEERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DEVRY EDUCATION GROUP, INC., DANIEL HAMBURGER, RICHARD M. GUNST, PATRICK J. UNZICKER, AND TIMOTHY J. WIGGINS,<br><br>Defendants. | Case No. 1:16-CV-05198<br><br>Hon. Mary M. Rowland |

**FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT**

This matter came before the Court pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement ("Preliminary Approval Order"), entered September 5, 2019, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement, dated as of August 29, 2019, (the "Settlement Agreement"), pursuant to Rule 23 of the Federal Rules of Civil Procedure. Due and adequate notice having been given to the Settlement Class (defined below) as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the pending matters and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Members of the Settlement Class.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities who purchased or otherwise acquired DeVry Education Group, Inc. publicly traded common stock and/or exchange-traded call options (and/or sold exchange-traded put options on such common stock) during the period from August 26, 2011 through January 27, 2016, inclusive, (the "Settlement Class Period") and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) the Company's affiliates and subsidiaries, including the Company's employee retirement and/or benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (iii) the officers and directors of the Company and its subsidiaries and affiliates during the Settlement Class Period; (iv) members of the immediate family of any excluded person; (v) any entity in which any excluded person or entity has or had a controlling interest; and (vi) the heirs, successors, and assigns of any excluded person or entity. No requests for exclusion from the Settlement Class have been received.

4. Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Utah Retirement Systems as Settlement Class Representative for the Settlement Class; and finally appoints the law firm of Labaton Sucharow LLP as Class Counsel for the Settlement Class and Wexler Wallace LLP as Liaison Counsel for the Settlement Class.

5. The Court finds that the mailing and publication of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best

notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Lead Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. There have been no objections to the Settlement.

7. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court hereby approves the Settlement set forth in the Settlement Agreement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule

23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses the Action and all Released Claims of the Settlement Class with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Settlement Agreement and herein.

9. Without further action by anyone, on and after the Effective Date of the Settlement, Lead Plaintiff and each and every Releasing Plaintiff Party, for good and sufficient consideration, the receipt and adequacy of which is hereby acknowledged, shall be deemed to have, and by operation of the law and this Judgment shall have, fully, finally, and forever released, relinquished, settled and discharged, and be barred from filing, commencing, prosecuting, intervening in, participating in as a class member or otherwise, or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding, or Order in any jurisdiction, based on or relating in any way to:

(a) all Released Claims, whether known or Unknown, against each and every one of the Released Defendant Parties, including such Released Claims as already have been, could have been or could be asserted in any pending litigation, arbitration, or other proceeding, whether or not a Proof of Claim has been executed and/or delivered by, or on behalf of, any such Settlement Class Member; and

(b) all Released Claims, whether known or Unknown, against each and every one of the Released Defendant Parties that otherwise would have been barred by res judicata had this Action been fully litigated to a final judgment.

10. On and after the Effective Date of the Settlement, members of the Settlement Class shall be deemed to have acknowledged that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Releases, but nevertheless fully, finally and forever settle and release all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions, conduct, events or transactions occurring on or before the Effective Date of this Settlement Agreement, without regard to subsequent discovery or the existence of such different or additional facts concerning each of the Released Defendant Parties or Released Claims.

11. Without further action by anyone, on and after the Effective Date of the Settlement, Defendants and Defendants' Counsel, on behalf of themselves, their heirs, executors, administrators, trustees, beneficiaries, predecessors, successors, assigns, or any Person claiming, or acting, by or through any of them and any Person representing Defendants or Defendants' Counsel, for good and sufficient consideration, the receipt and adequacy of which is hereby acknowledged, shall be deemed to have, and by operation of the law and of this Judgment shall have, fully, finally, and forever released, relinquished, settled and discharged, and be barred from filing, commencing, prosecuting, intervening in, participating in as a class member or otherwise, or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding, or Order in any jurisdiction, based on or relating in any way to, any and all Claims, known or Unknown, against Lead Plaintiff, Lead Counsel, and each and every Released Plaintiff Party that relate in any way to any or all acts directly or indirectly relating to the prosecution, defense or settlement of the Action.

12. Without further action by anyone, on and after the Effective Date of the Settlement, Lead Counsel, or any Person representing Lead Counsel, on behalf of themselves, their heirs, executors, administrators, trustees, predecessors, successors, assigns, or any Person claiming, or acting, by or through any of them, and any Person or entity claiming, or acting, by or through any of them, for good and sufficient consideration, the receipt and adequacy of which is hereby acknowledged, shall be deemed to have, and by operation of the law and of his Judgment shall have, fully, finally, and forever released, relinquished, settled and discharged, and be barred from filing, commencing, prosecuting, intervening in, participating in as a class member or otherwise, or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding, or Order in any jurisdiction, based on or relating in any way to, any and all Claims, known or Unknown, against the Defendants, Defendants' Counsel and any or all Released Defendant Parties that relate in any way to any or all acts directly or indirectly relating to the prosecution, defense or settlement of the Action.

13. In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Released Claim, including, but not limited to, any claim that is based upon, arises out of or is related to the Action, or any of the transactions and occurrences referred to in the Complaint by any Person against a Released Defendant Party, and by any Released Defendant Party against any Person, are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

14. Any order entered regarding the Plan of Allocation submitted by Lead Counsel or any order entered regarding any application for Attorneys' Fees and Expenses shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

15. This Judgment, the Settlement Agreement, any offer or compliance with the Settlement Agreement or this Judgment, any of the provisions of the Settlement Agreement or this Judgment, or any negotiations, statements, or court proceedings related in any way to the provisions of this Judgment or the Settlement Agreement, shall not be: (i) construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by Lead Plaintiff, Defendants, any Settlement Class Member, or Releasing or Released Party, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing or otherwise of such Party; or (ii) construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by Lead Plaintiff, Defendants, or any Releasing Party in the Action or in any other civil, criminal or administrative action or proceeding other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement and this Judgment.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund; (b) disposition of the Settlement Fund; (c) hearing and determining applications for Attorneys' Fees and Expenses in the Action and any dispute related to the allocation of attorneys' fees; and (d) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

17. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the funder(s), then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement, and the Parties shall be returned to their respective positions in the Action as of May 22, 2019.

19. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

IT IS SO ORDERED.

DATED this 6TH day of December, 2019

*Mary M Rowland*

Honorable Mary M. Rowland
UNITED STATES DISTRICT JUDGE